O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JESUS PEREZ PISENO, | ) | Case No. CV 05-08468 (MLG) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

This is an action for judicial review of the Commissioner's final decision denying Plaintiff Jesus Perez Piseno's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits.  For the reasons discussed below, the Court finds that judgment should be granted in favor of Plaintiff, reversing, in part, the Commissioner's decision, and remanding this action for the payment of benefits.

**I.   Background**

Plaintiff filed for DIB on March 9, 2001, alleging that he was disabled and unable to work since March 4, 1999.  (Administrative Record

("AR") at 88-92, 490).  The Social Security Administration denied Plaintiff's application.  (AR at 33-36, 490).  A *de novo* hearing was held before Administrative Law Judge Jerry Muskrat.  (AR at 406-86).  In a decision issued on March 12, 2003, ALJ Muskrat determined that Plaintiff was not disabled and not entitled to benefits.[1]  (AR at 14-19).  The Appeals Council denied review.  (AR at 4-7).

Plaintiff sought judicial review of ALJ Muskrat's decision.  *See Perez v. Barnhart*, No. CV 04-2734-MLG (C.D. Cal. 2005); (AR at 622-31).  On March 11, 2005, this Court found that ALJ Muskrat erred in relying on vocational expert testimony to find that Plaintiff was capable of performing other work.  (AR at 622-31).  This Court explained that the jobs identified by the vocational expert, as described in the Dictionary of Occupational Titles ("DOT"), required language skills that were inconsistent with Plaintiff's illiteracy.  (AR at 629-31).  Because ALJ Muskrat failed to justify a basis for deviating from the DOT requirements, this Court remanded the case to the Commissioner.  On June 6, 2005, the Appeals Council vacated ALJ Muskrat's decision, and remanded the case for further proceedings.

A remand hearing was held before Administrative Law Judge Edward P. Schneeberger ("ALJ Schneeberger") on October 28, 2004, and continued to September 2, 2005.  (AR at 743-68).  On September 15, 2005, ALJ Schneeberger issued a partially favorable decision.  (AR at 490-94).  ALJ Schneeberger found that Plaintiff was disabled under Grid Rule 202.09 as of July 9, 2004, the date Plaintiff turned 50 years old, but was not disabled from his alleged onset date of March 4, 1999 through

---

[1] On May 8, 2003, Plaintiff filed an application for SSI and a second application for DIB. (AR at 490, 722-24). After being denied at the administrative level, these applications were consolidated into the present case. (AR at 490, 592-94).

July 8, 2004. (AR at 493-94); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.09 (directing a finding of disabled for a person limited to light work, who is closely approaching advanced age, illiterate or unable to communicate in English, and is unskilled or has no transferable skills), *cf.* Rule 202.16 (directing a finding of not disabled for a person limited to light work who is a younger individual, illiterate or unable to communicate in English, and is unskilled or has no transferable skills). With respect to the period of non-disability, ALJ Schneeberger found: 1) Plaintiff had not engaged in substantial gainful activity since his alleged onset date; 2) Plaintiff had severe degenerative disc disease of the cervical and lumbar spine and a history of a right elbow contusion; 3) Plaintiff's impairments did not meet or medically equal any of the listed impairments in the governing regulations; 4) Plaintiff retained the residual functional capacity for light work, but was unable to communicate orally in English and was illiterate in both English and Spanish, needed to avoid crawling, climbing of ropes, ladders or scaffolds, work at unprotected heights, and moderate exposure to extreme cold, and was restricted to no more than occasional balancing, stooping, kneeling, crouching, bending, and overhead reaching; 5) Plaintiff was unable to return to his past relevant work as a roofing supervisor; and 6) based on the testimony of vocational expert ("VE") Freeman Leeth, Plaintiff was able to perform other work that exists in significant numbers in the economy, including work as a packager, machine operator, and assembler. (AR at 493-94).

Plaintiff commenced this action for judicial review, contending that ALJ Schneeberger erred in concluding that Plaintiff was capable of performing other work during the period from March 4, 1999, through July 8, 2004. The Commissioner disagrees.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion and Analysis**

ALJ Schneeberger based his conclusions that Plaintiff could perform a significant number of jobs in the economy, including work as a packager, machine operator, and assembler, on the testimony of the VE. Similar to his previous request for reversal by this Court, Plaintiff asserts that the VE's testimony conflicted with the DOT, and that the Defendant failed to rebut the DOT classifications with persuasive evidence.  The Court agrees with Plaintiff.

At the September 2, 2005 hearing, the VE was asked to consider a person who speaks only Spanish, is unable to read or write in English or Spanish, and has Plaintiff's exertional and non-exertional limitations. (AR at 752, 760). The VE responded that the such a person would be capable of performing jobs as packager DOT 737.687-094 (2,000 local, 40,000 nationally), machine operator DOT 569.686-030 (1,000 local, 20,000 nationally), and assembler DOT 737.687-122 (1,500 local, 30,000 nationally). (AR at 760-63). The VE further stated that there would be no erosion of the number of jobs available due to Plaintiff's inability to read, write or otherwise communicate in English. (AR at 762). According to the DOT, however, these three jobs require a Level 1 Language Development.[2] The DOT indicates that a Level 1 Language Development requires a reading rate of 95-120 words a minute and the ability to recognize 2,500 two and three syllable words along with the ability to print simple sentences and speak in simple sentences. Due to his communication deficits and illiteracy, Plaintiff lacks the skills necessary to perform the jobs which require a Level 1 Language Development. (AR at 493); 20 C.F.R. § 404.1564(b)(1) (defining "illiteracy" as the "inability to read or write"). Thus, the VE's testimony was clearly in conflict with the DOT.

Although evidence provided by a VE is generally expected to be consistent with the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict." Social Security Ruling ("SSR") 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Rather, the DOT raises a rebuttable presumption as to a job classification, and "[a]n ALJ may rely on expert testimony which

---

[2] The DOT, specifies the reasoning, language, and math skills required for each job.

5

contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *Massachi*, 486 F.3d at 1153 (when a conflict between a VE's testimony and the DOT arises, the ALJ must make an inquiry with the VE and then determine whether the VE's "explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]").

Here, both ALJ Schneeberger and Plaintiff's counsel questioned the VE about the apparent conflict between the VE's testimony and the DOT. When asked about the Level One Language Development requirement, the VE stated that a person "need not [ ] know how to speak any certain language as long as [he has] an integral path that he can understand what [sic] they speak visually," as most jobs with a Level One Language Development "are communicated either by visual or oral interpretation of what can be interpreted [sic]." (AR at 763). Upon further questioning, the VE explained that "English was not a necessary component to work some of the lower level jobs here in Los Angeles." (AR at 492, 766). The VE could not, however, cite any support for his opinion. (AR at 766-67). Rather, the VE only said, "[i]t was something that I was reading maybe five, six, eight months ago." (AR at 767). Such vague and confusing testimony does not constitute persuasive evidence for deviating from the DOT. *Cf. Johnson*, 60 F.3d at 1435 (finding evidence persuasive for deviating from DOT where VE testified specifically about how 30,000 office worker and production assembler jobs existing in Los Angeles County were performed at the sedentary level even though the DOT classified both jobs as light work); *see Massachi*, 486 F.3d at 1153.

The VE also testified that a person who could perform Plaintiff's past work as roofer should also be able to perform the jobs of

assembler, packager and machine operator because the roofer position requires higher levels of ability in reasoning, math, and language. (AR at 492, 764-65).[3] This reasoning is flawed for the obvious reason that Plaintiff was found unable to perform his past work as a roofer. (AR at 493). That Plaintiff may have been, at one time, capable of working as a roofer, does not justify the VE's deviation from the language skills required by the three jobs identified. Further, ALJ Schneeberger expressly found that Plaintiff did not have any transferable work skills. (AR at 493). Therefore, the ALJ was not entitled to rely on the VE's testimony and the step five finding that Plaintiff is capable of performing other substantial gainful activity is not supported by substantial evidence.

    This Court has discretion to award disability benefits when there is no need to remand the case for additional factual findings. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Varney v. Sec. of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988). Generally, the Court will direct benefits in cases where no useful purpose would be served by further administrative

---

[3] Plaintiff's former roofer job has a reasoning level of three, and math and language levels of two. (AR at 765). The assembler, packager and machine operator positions all have reasoning, math and language levels of one. (AR at 765-66). As noted above, a job with a language level of one requires a reading rate of 95-120 words a minute and the ability to recognize 2,500 two and three syllable words along with the ability to print simple sentences and speak simple sentences. A job with a language level of two requires a reading rate of 190-215 words a minute and a vocabulary 5,000 to 6,000, and the ability to write complex sentences and speak using correct punctuation, word order, and grammar. While a person capable of performing level two language skills should be capable of performing level one language skills, it is clear from ALJ Schneeberger's illiteracy finding that Plaintiff is not capable of performing a job that requires level one language skills, let alone level two language skills. (AR at 493).

proceedings, or where the record has been thoroughly developed. Here, there are no outstanding issues to preclude this Court from a making a disability determination on the merits. As the Commissioner has not met his burden of proving that there are other jobs that Plaintiff can perform, an award of benefits is appropriate. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1990).

The Commissioner argues that the Court should remand for a determination as to whether there are yet other jobs Plaintiff could perform despite his language restrictions. However, this case was previously remanded for that very purpose. Under such circumstances, a remand for further proceedings is unnecessary. The record is fully developed and can only support a conclusion that Plaintiff is disabled. Therefore, this case is remanded for an award of benefits.

**IV. Conclusion**

For the reasons stated above, the Court finds that ALJ Schneeberger's decision denying benefits for the period beginning on March 4, 1999, and ending on July 8, 2004, is not supported by substantial evidence.

**ORDER**

It is **ORDERED** that the Commissioner's decision is reversed, in part; the Commissioner shall award benefits to Plaintiff for the period beginning on March 4, 1999 and ending on July 8, 2004; and Judgment shall be entered accordingly.

//
//
//

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: September 19, 2007

_____
MARC L. GOLDMAN
United States Magistrate Judge